ERIC GRANT
United States Attorney
TARA A. AMIN
Assistant United States Attorney
United States Attorney's Office
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700
Tara.amin@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>Petitioner,<br><br>v.<br><br>ARAN INVESTMENTS, INC.; BITCASAS, INC.; LOANCOINS INC.,<br><br>Respondents. | CASE NO. 26 Misc. ____<br><br>PETITION FOR ORDER TO SHOW CAUSE AND SUMMARY ENFORCEMENT OF THE CIVIL INVESTIGATIVE DEMANDS 2025-EDCA-0009, 2025-EDCA-0010, & 2025-EDCA-0011 |

This matter relates to an investigation by the United States under the False Claims Act 31 U.S.C. § 3729 *et seq.* Pursuant to 31 U.S.C. §3733(j), the United States respectfully petitions this Court for an Order directing Respondents to comply with Civil Investigative Demands 2025-EDCA-0009, 2025-EDCA-0010, and 2025-EDCA-0011 (the "CIDs"), which were served on Respondents in March 2025. As set forth further below, in approximately 16 months since the service of the subpoena, Respondents have made no attempt to comply with the CIDs. In support of this Petition to enforce the CIDs, the United States provides the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this proceeding under 31 U.S.C. § 3733(j) and 28 U.S.C. § 1331.

2. Venue is proper under 31 U.S.C. § 3733(j).

**PARTIES**

3. Petitioner is the United States, filing this petition on behalf of the Small Business Administration (SBA). SBA managed the Paycheck Protection Program (PPP) established by the Coronavirus Aid, Relief, and Economic Security Act.

4. Respondents are Aran Investments, Inc., BitCasas, Inc. and LoanCoins Inc. Each of these entities received first and second draw PPP loans that were forgiven by the Small Business Administration. Respondents have principal places of business in the Eastern District of California.

**ISSUANCE AND SERVICE OF THE SUBPOENA**

5. As described in the Memorandum accompanying this Petition, this investigation arises under the False Claims Act (FCA) 31 U.S.C. § 3729 *et seq.* The FCA authorizes the United States to issue CIDs for production of information relevant in FCA investigations.

6. On March 17, 2025, the United States issued the CIDs pursuant to the FCA. The CIDs were issued by Michele Beckwith, Acting United States Attorney at the United States Attorney's Office for the Eastern District of California, who was a designee of the Attorney General under 31 U.S.C. § 3733(a)(1). Order of the Attorney General 3134-2010 clarifies that the Attorney General's designee is the Assistant Attorney General, Civil Division, who is further authorized to delegate authority relating to CIDs to United States Attorneys.

7. In March 2025, the United States effectuated service of the CIDs on Respondents by sending them via USPS Certified Mail. *See* Declaration of Tara Amin ("Amin Decl.") at ¶¶ 2–7. Since April 8, 2025, Respondents have been represented by current counsel, Mark Reichel.

8. The CIDs seek production of documents and answers to interrogatories.

9. As authorized by the FCA, the CIDs require each Respondent to produce documents and answers to the interrogatories within 30 days of receiving the CID and to produce answers to the interrogatories within 20 days of receiving the CIDs. *See* 31 U.S.C. § 3733(a)(2)(E).

10. As stated in the CIDs, the United States is seeking such information and documents from Respondents in the course of an FCA investigation whether Respondents "submitted or caused to be submitted false or fraudulent claims—or made or caused to be made false records or statements material to false or fraudulent claims—relating to its application(s) for loans or loan forgiveness under the

Paycheck Protection Program established by the Coronavirus Aid, Relief, and Economic Security Act, in violation of 31 U.S.C. § 3729(a)(1)."

11. The United States issued the CIDs to Respondents because the United States has reason to believe that Respondents are in possession, custody, or control of documents and information relevant to this investigation.

12. The information and documents sought by the CIDs are reasonably relevant to the United States' investigation under the FCA inquiry, and the CIDs are not indefinite or unduly burdensome.

**RESPONDENTS HAVE NOT PRODUCED ANY DOCUMENTS OR PROVIDED ANY ANSWERS TO INTERROGATORIES**

13. After approximately 16 months after service of the CIDs, Respondents have not produced any documents or provided any answers to interrogatories.

14. On April 8, 2025, the United States granted Mr. Reichel a 30-day extension to respond to the Aran CID, BitCasas CID, and LoanCoins CID.

15. The United States did not receive any response to the CIDs by May 8, 2025. No further extension request was received or granted by the United States.

16. On May 23, 2025, the United States emailed Mr. Reichel because the United States had not received any documents or answers to interrogatories in response to the Aran CID, BitCasas CID, and/or LoanCoins CID.

17. On July 17, 2025, Mr. Reichel emailed the United States stating for the first time that Mr. Mohammadi has a Fifth Amendment issues with responding to the CIDs.

18. The United States and Mr. Reichel attempted to negotiate a settlement of the investigation in 2025, but did not reach a resolution.

19. On January 6, 2026, the United States emailed Mr. Reichel requesting that he provide a complete response to the CIDs by January 12, 2026 or the United States will move to enforce the CIDs.

20. On July 9, 2026, the United States scheduled a meeting for July 13, 2026 with Mr. Reichel to discuss the outstanding CIDs. Although Mr. Reichel accepted the invitation to the meeting, he did not show up to the meeting.

21. On July 13, 2026, the United States emailed Mr. Reichel stating that "[o]ver the past 16 months, it is my understanding that none of the entities have provided any documents or written interrogatory responses in compliance with the subpoena. In an attempt to gain compliance without court involvement, I am setting the response date as Friday, July 31, 2026. If I do not receive full compliance by then, I will move to enforce the CIDs in court." The United States also stated that "[i]n prior correspondence with Robert Fuentes [previously assigned AUSA], you indicated that Mr. Kamran Mohammadi is invoking his Fifth Amendment rights with respect to three CIDs. With respect to all three CIDs, Mr. Mohammadi cannot invoke his personal Fifth Amendment right to prevent compliance. It is well established law that corporations do not have a Fifth Amendment right against self-incrimination. *Braswell v. United States,* 487 U.S. 99,105 (1988). LoanCoins, Inc., Aran Investments, Inc., and BitCasas, Inc. are all corporations. Therefore, none of them have Fifth Amendment rights to invoke. And Mr. Mohammadi, as a corporate representative of these entities, "may not resist a subpoena for corporate records on Fifth Amendment grounds." *Id.* at 113; *see also In re Twelve Grand Jury Subpoenas*, 908 F.3d 525, 529-31 (9th Cir. 2018); *United States v. CB Surety LLC,* No. 2:23-cv-02812-TLN-DB, 2024 WL 71676, at *4-5 (E.D. Cal. Jan. 5, 2024)."

22. Having received no response from Mr. Reichel, the United States emailed Mr. Reichel again to request compliance with the CIDs by July 31, 2026.

23. As of the date of this petition, the United States has not received any documents or answers to interrogatories, or any communications from Mr. Reichel regarding the Aran CID, BitCasas CID, and/or LoanCoins CID.

**<u>RESPONDENTS HAVE NOT FILED A PETITION TO MODIFY OR SET ASIDE THE CIDS</u>**

24. The CIDs directed Respondents to produce all documents within 30 days of service of the CIDs. The CIDs also directed Respondents to answer the interrogatories within 30 days of service of the CIDs.

25. On April 8, 2025, the United States granted Mr. Reichel a 30-day extension to respond to the Aran CID, BitCasas CID, and LoanCoins CID. Under the FCA, 31 U.S.C. § 3733(j)(2)(A)(ii), the deadline for Respondents to petition to modify or set aside CIDs 2025-EDCA-0009, 2025-EDCA-0010, and 2025-EDCA-0011 was no later than May 8, 2025.

26. To date, Respondents have not petitioned to modify or set aside the CIDs.

27. It has been approximately 16 months since Respondents received service of the CIDs. Respondents have failed to produce any documents or provide any answers to the interrogatories. Further, Respondents have failed to respond to the United States correspondence regarding compliance with the CIDs.

28. Accordingly, summary enforcement of the CIDs is appropriate.

WHEREFORE, the United States respectfully requests as follows and submits proposed orders consistent with the relief sought by the United States:

1. That this Court enter an Order to Show Cause directed Respondents to show cause as to why they should not be compelled to comply with CIDs 2025-EDCA-0009, 2025-EDCA-0010, and 2025-EDCA-0011; and

2. Ultimately, that this Court enter an Order directing Respondents to comply with CIDs 2025-EDCA-0009, 2025-EDCA-0010, and 2025-EDCA-0011 on or before the deadlines proposed by the United States or such other deadlines set by the Court.

DATED: August 4, 2026

Respectfully Submitted,

ERIC GRANT
United States Attorney

*/s/ Tara Amin*
TARA A. AMIN
Assistant United States Attorney